

**LES WEISBROD**
LICENSED IN TEXAS and ARKANSAS
BOARD CERTIFIED – CIVIL TRIAL LAW
BOARD CERTIFIED – PERSONAL INJURY TRIAL LAW
lweisbrod@millerweisbrod.com

February 8, 2023
***VIA EFILING***

Hon. Ricardo H. Hinojosa
United States Courthouse
1701 W. Business Hwy 83
McAllen, Texas 78501

   ***Re:***   Civil Action No. 7:21-cv-00159; *Gutierrez et al. v. USA et al.*

Dear Judge Hinojosa,

  Please find attached a courtesy copy of a draft petition for mandamus regarding approval of settlements in this matter. If the Court does not enter orders, set a hearing, set a status conference, or otherwise communicate regarding the settlements and the Special Needs Trust by Wednesday, February 15, 2023, we will file the petition with the United States Court of Appeals for the Fifth Circuit.

  Thank you for your consideration of this matter.

       Respectfully submitted,

       */s/ Les Weisbrod*

       Les Weisbrod

*1330648*
/mja
CC:  Laura Brown   brown@trialfirm.com

**No. _____**

## IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

_____

### In re: Adriana Aguayo Gutierrez and Isaac Munoz, Individually and as Next Friends of I.M., a Minor

_____

On Petition for a Writ of Mandamus to the
United States District Court for the Southern District of Texas
in *Adriana Aguayo Gutierrez and Isaac Munoz, Individually and as
Next Friends of I.M., a Minor, v. United States of America, et al.*
Case No. 7:21-cv-00159, Judge Ricardo H. Hinojosa

_____

### PETITION FOR A WRIT OF MANDAMUS
_____

**LES WEISBROD**
State Bar No. 21104900
**LAWRENCE R. LASSITER**
State Bar No. 11969850
**MILLER WEISBROD
OLESKY, L.L.P.**
11551 Forest Central Drive, Suite 300
Dallas, Texas 75243
(214) 987-0005
(214) 987-2545 Fax
llassiter@millerweisbrod.com

**ATTORNEYS FOR PETITIONERS**

## Certificate of interested persons

*In re: Adriana Aguayo Gutierrez and Isaac Munoz, Individually and as*

*Next Friends of I.M., a Minor*

The undersigned counsel of record certifies that the following listed

persons and entities as described in Fifth Circuit Rule 28.2.1

| Party | Attorneys |
|---|---|
| Adriana Aguayo Gutierrez; Isaac Munoz | Les Weisbrod<br>Carrie Lynn Vine<br>Laura E. Brown<br>Lawrence R. Lassiter |
| I.M., a Minor | Ricardo Antonio Garcia |
| United States of America | Lance G. Duke |
| McAllen Hospitals, L.P. d/b/a McAllen Medical Center; McAllen Medical Center, Inc. | Edward John Castillo<br>Eduardo Moya<br>Ezequiel Moya |
| Pediatrix Medical Services, Inc.; Saeed Uz-Zafer Javed, M.D.; Namirembe Joan Kzibwe, M.D.; Patricia Yvonne Perez, NP; Lisa Marie Elizalde, NP | James Kevin Oncken<br>John Christopher Faubion |

/s/ Lawrence R. Lassiter
Lawrence R. Lassiter
*Attorney for Petitioners*

## Statement regarding oral argument

Petitioners do not believe that oral argument is necessary for the Court to resolve this matter, but if the Court believes argument will be of assistance, Petitioners will be happy to participate in such an argument.

# Table of contents

Certificate of interested persons.................................................................2

Statement regarding oral argument.........................................................3

Table of contents.......................................................................................4

Table of authorities ..................................................................................6

Relief sought ..............................................................................................7

Issue presented..........................................................................................8

Preliminary statement .............................................................................9

Statement of facts....................................................................................12

      A.    A settlement is reached with the Pediatrix
           Defendants in March of 2022, and a Guardian Ad
           Litem is appointed for the brain-damaged minor. ......12

      B.    In August of 2022, the district court receives the
           evidence and proposed documents needed to
           approve the settlement with the Pediatrix
           Defendants but makes no rulings. ...............................13

      C.    In August and October 2022, Petitioners again ask
           the district court to rule on the settlement, noting
           that the minor and his family need the funds for
           the minor's care and treatment....................................14

      D.    The district court agrees to hold a status
           conference but reschedules it and then cancels it
           "until further notice."...................................................15

      E.    The Hospital Defendants agree to a settlement, a
           status conference is held on December 14, 2022,
           testimony is taken, and Petitioners provide the
           district court with all the requested information
           needed to rule on the propriety of that settlement. ....15

F.      Petitioners again ask the district court to rule and again remind the district court that the funds could already be helping the injured child but for the lack of any rulings. ................................................ 17

G.      The district court holds another status conference on December 28, 2022; the next day Petitioners provide all the information requested by the district court at the conference..................................... 17

H.      It is now February 2023, and despite additional letters and pleas for rulings, the district court has still failed to rule on either of the settlements. .......... 18

Why the writ should issue....................................................... 19

A.      This Court has the authority to order the district court to fulfill its obligation to rule on the propriety of the minor child's settlements. ................................... 19

B.      When a district court persistently and unreasonably refuses to fulfill its obligation to adjudicate a case, it is appropriate to issue a writ to compel the district court to act................................. 19

C.      "Justice delayed is justice denied." .............................. 21

Conclusion and prayer............................................................. 23

Certificate of compliance with Rule 32(a) ............................... 25

Certificate of service .............................................................. 26

# Table of authorities

## Cases

*In re Hood,*
    135 Fed.Appx. 709 (5th Cir. 2005) .........................................................20

*In re Scott,*
    163 F.3d 282 (5th Cir. 1998) ................................................................20

*In re United States ex rel. Drummond,*
    886 F.3d 448 (5th Cir 2018) ...........................................................20, 21

*Insurance Co. v. Comstock,*
    83 U.S. 258 (1872) ................................................................................19

*Johnson v. Rogers,*
    917 F.2d 1283 (10th Cir. 1990) ............................................................20

*Madden v. Myers,*
    102 F.3d 74 (3d Cir. 1996) ...................................................................20

*McClellan v. Young,*
    421 F.2d 690 (6th Cir. 1970) ................................................................20

*Texas v. United States,*
    679 Fed. Appx. 320 (5th Cir. 2017) ......................................................20

*Will v. Calvert Fire Ins. Co.,*
    437 U.S. 655 (1967) ..............................................................................19

*Will v. United States,*
    389 U.S. 980 (1967) ..............................................................................19

## Statutes

28 U.S.C. § 1651...................................................................................19

## Relief sought

Adriana Aguayo Gutierrez and Isaac Munoz, Individually and as Next Friends of I.M., a Minor, respectfully petition for a writ of mandamus directing the United States District Court for the Southern District of Texas to adopt measures that will promptly resolve Petitioners' outstanding motions seeking approval of two partial settlements, facilitate approval of the minor child's settlements, and allow for distribution of the settlement funds so that they may be put to use for the benefit of the minor. To accomplish this, Petitioners suggest that the Court issue the writ and direct the district court to rule on the pending motions seeking approval of the two settlements within fourteen days.

### Issue presented

1. Whether undue delay due to the district court's nearly year-long failure to adjudicate the propriety of partial settlements in this medical-malpractice case brought on behalf of a severely brain-damaged child warrants issuance of a writ of mandamus to compel action by the district court?

## Preliminary statement

This is a birth injury case where Petitioners allege that their child was left permanently disabled with irreversible brain injuries as a result of the negligence of the named defendants. The case was brought in federal court because some of the negligent parties were employees of the federal government.

Why do Petitioners – parents of the injured minor child – turn to this Court for assistance in what should be a fairly routine matter – the approval of two partial settlements that would provide needed funds to care for I.M., their minor child? Because during the nearly one year since the first partial settlement was reached, the district court has still not fulfilled its duty to rule on the propriety of either that settlement or a subsequent settlement with the other private-party defendants.

After extensive discovery in a complex medical-malpractice case where the parties identified more than twenty expert witnesses, Petitioners settled all their claims against the private parties leaving only their claims against the United States pending. The first partial settlement was reached in March of 2022. Because this case involves a minor, a Guardian Ad Litem was requested, and a Guardian Ad Litem

was appointed for I.M. in May 2022. The parties and the Guardian Ad Litem provided all requested information to the district court.

The district court did not rule, and still has not ruled, on that partial settlement.

A proposed settlement with the remaining private parties was presented to the district court on December 14, 2022. Though the parties promptly provided the district court with updated expense information and everything else that had been requested, the district court did not rule, and still has not ruled, on that partial settlement.

It is now February of 2023. Despite multiple motions, multiple conferences, undisputed recommendations from the Guardian Ad Litem, provision to the district court of all requested information, repeated requests both orally and in writing, and pleas that the settlement funds could already be helping this injured child if the district court would just rule, there have been no rulings whatsoever on the propriety of the settlements. As a result, the money that should be assisting the child and his family remains off limits.

The district court has persistently, and without discernable reason, refused to adjudicate the propriety of the proposed minor settlements.

This refusal is obviously to the detriment of I.M., the child whose interests the district court is charged with protecting.

This should be a straightforward matter – whether the settlements are in the best interest of I.M. is not a difficult issue. The district court has simply refused to address it in a timely manner. That refusal to rule cannot be corrected at the district court level; the district court has repeatedly rejected efforts by Petitioners to get closure on the issue and make the funds available to assist the child. Nor can it be addressed in a post-judgment appeal.

But this Court can correct this problem and by doing so protect the interests of the minor child. This Court has the authority to order the district court to promptly fulfill its responsibilities and rule on the propriety of the settlements. The district court has all the information it needs and has had ample time to consider the evidence and the interests of I.M. Petitioners ask this Court to issue a writ ordering the district court to adjudicate the pending motions to approve the settlements within fourteen days.

## Statement of facts

Adriana Aguayo Gutierrez and Isaac Munoz, Individually and as Next Friends of I.M., a Minor filed this lawsuit in the United States District Court for the Southern District of Texas on April 26, 2021 alleging, *inter alia,* negligence during the labor and delivery of I.M., who was diagnosed with severe hypoxic-ischemic encephalopathy and has severe, permanent, and irreversible brain injuries. (Exhibit 1, 2.) Petitioners sued the United States, through its agents, for negligence, as well as McAllen Medical Center and Pediatrix Medical Services, Inc. d/b/a Pediatrix Medical Group of Texas. (Exhibit 1, 2.)

## A.   A settlement is reached with the Pediatrix Defendants in March of 2022, and a Guardian Ad Litem is appointed for the brain-damaged minor.

On March 2, 2022, Defendants Saeed Javed, MD, Joan Kazibwe, MD, Yvonne Perez, NP, Lisa Elizalde, NP, and Pediatrix Medical Services, lnc. d/b/a Pediatrix Medical Group of Texas (the "Pediatrix Defendants"), reached a settlement of Petitioners' claims against them, and on that date, Petitioners and the Pediatrix Defendants filed a Joint Notice of Settlement with the district court. (Exhibit 3.)

I.M. is a minor, and on May 12, 2022, at the request of the parties, the district court entered an order appointing Mr. Ricardo A. Garcia as the Guardian Ad Litem for I.M. (Doc. 28.)

### B. In August of 2022, the district court receives the evidence and proposed documents needed to approve the settlement with the Pediatrix Defendants but makes no rulings.

On August 1, 2022, Petitioners filed a motion seeking approval of the confidential settlement with the Pediatrix Defendants, and the motion was accompanied by (1) an Application to Court to Establish Special Needs Trust; (2) a proposed order on Application to Court to Establish a Trust; (3) a proposed Trust Agreement for the I.M. Trust; (4) a proposed settlement distribution; (5) the Affidavit of Les Weisbrod, lead attorney for Petitioners; (6) an Affidavit of Charla G. Aldous, Esq., an experienced medical-malpractice attorney who testified regarding the reasonableness of the attorney's fees being requested; (7) a proposed order approving the settlement; and (8) a proposed Partial Final Judgment. (Exhibit 5; Exhibit 1.)

On August 4, 2022, the district court held a settlement conference during which evidence was presented that the settlement between the Plaintiffs and the Pediatrix Defendants was in the best interest of I.M.

(Exhibit 1, Minute Entry.) On August 5, 2022, Plaintiffs filed the declaration of Isaac Munoz in support of the settlement and the proposed distribution statement under seal. (Exhibit 1, ECF # 40, 41.)

### C.  In August and October 2022, Petitioners again ask the district court to rule on the settlement, noting that the minor and his family need the funds for the minor's care and treatment.

On August 24, 2022, having heard nothing from the district court regarding the settlement after the conference, Petitioners filed a letter asking if the district court needed any additional information to enter the required documents to approve the settlement, and reminding the district court that, as discussed at the conference, "the minor-Plaintiff is in need of the funds from this settlement for his care and treatment." (Exhibit 6.)

Having still heard nothing from the district court regarding the proposed partial settlement, on October 27, 2022, Petitioners and the Pediatrix Defendants filed an agreed motion seeking a status conference, asking the district court to "hold a status conference for final approval of the settlement involving I.M., a minor, to take place as expeditiously as possible." (Exhibit 7.)

**D.     The district court agrees to hold a status conference but reschedules it and then cancels it "until further notice."**

The district court set a status conference for November 9, 2022, then reset it for December 2, 2022, and then cancelled the status conference "until further notice due to technical difficulties." (Exhibit 1.)

**E.     The Hospital Defendants agree to a settlement, a status conference is held on December 14, 2022, testimony is taken, and Petitioners provide the district court with all the requested information needed to rule on the propriety of that settlement.**

On December 5, 2022, Petitioners filed a motion to approve a settlement with the remaining private defendants, McAllen Hospitals, L.P. d/b/a McAllen Medical Center, McAllen Medical Center, Inc. (the "Hospital Defendant"). (Exhibit 8.) This motion was accompanied by (1) an Application to Court to Establish Special Needs Trust; (2) a proposed Order on Application to Court to Establish a Trust; (3) a proposed Trust Agreement for the I.M. Trust; (4) a proposed settlement distribution; (5) a proposed order approving the settlement, and (6) a proposed Partial Final Judgment. (Exhibit 8.)

The district court set a status conference for December 14, 2022. (Exhibit 1.) The parties appeared and evidence was presented, and at the

request of the district court, the settlement documents were filed under seal. (Exhibit 1 and ECF # 55, 56, 57, 58, 59.)

On December 20, 2022, Petitioners filed a letter with the district court advising that the following documents would be filed under seal: (1) the Waiver from Medicaid re: Isaac Gabriel Munoz; (2) a Combined Disbursement Statement for both settlements achieved in this matter; (3) a report of "Client Costs" with itemized client expenses; (4) the same affidavits of Les Weisbrod and Charla G. Aldous submitted in August of 2022 with the motion seeking approval of the settlement with the Pediatrix; (5) a list of twelve fact depositions taken thus far in the case; and (6) a list of reports prepared by nine experts for Petitioners and fifteen experts for defendants. (Exhibit 9). In that letter, counsel told the district court: "The minor needs his trust funded as soon as possible to be able to get additional necessary nursing services. We respectfully ask that you rule forthwith on the pending motions to approve the settlements and establish the minor's trust." (Exhibit 9.)

**F.     Petitioners again ask the district court to rule and again remind the district court that the funds could already be helping the injured child but for the lack of any rulings.**

Having seen no orders and received no additional communications, Petitioners filed another letter on December 22, 2022, with the district court asking about the status of the settlement approvals. In the December 22, 2022 letter, Petitioners' counsel told the district court:

> The minor urgently needs access to the trust's settlement funds to receive additional crucial medical care. Please provide some communication as to when these orders will be signed or if the Court needs more information or to hold another status conference. Doing nothing for so long is a terrible injustice to this minor and his family.

(Exhibit 1, Exhibit 9.)

**G.     The district court holds another status conference on December 28, 2022; the next day Petitioners provide all the information requested by the district court at the conference.**

The district court held a settlement conference on December 28, 2022. According to the Minute Entry, "the Court addressed Plaintiff's counsel regarding fees and expenses charged in the settlements. After discussion with counsel, the Court requested a complete list of costs as to each Defendant." (Exhibit 1.) The next day, Petitioners provided the district court with the requested list of costs under seal. (Exhibit 1.)

17

**H.    It is now February 2023, and despite additional letters and pleas for rulings, the district court has still failed to rule on either of the settlements.**

Having again heard nothing from the district court, Petitioners filed another letter on January 10, 2023 asking about the status and inquiring if any additional information was needed. (Exhibit 11.) In this latest letter, counsel for Petitioners told the district court:

> As stated in our letter of December 22, 2022, the status conference on December 28, 2022, and our letter of December 29, 2022, not acting to approve either settlement or the Special Needs Trust works a terrible hardship on a severely brain-damaged child and his family. We again implore the Court to rule on this matter and enter orders approving the settlements and the Special Needs Trust so that the minor can access funds badly needed for his continuing care.

(Exhibit 11.) Petitioners also suggested that another status conference might be helpful, and on January 17, 2023, Petitioners formally requested that the district court hold another status conference. (Exhibit 11, Exhibit1.)

As of this date, the district court has not made any rulings on the proposed settlements nor did the district court set another status conference.

18

## Why the writ should issue

**A.**     **This Court has the authority to order the district court to fulfill its obligation to rule on the propriety of the minor child's settlements.**

Under the All Writs Act, "the Supreme Court and all courts established by Acts of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651(a). The writ of mandamus has been traditionally used in federal court "to confine an inferior court to lawful exercise of its prescribed jurisdiction or to compel it to exercise its authority when it is its duty to do so." *Will v. United States,* 389 U.S. 980, 95 (1967). The Supreme Court has long recognized that a writ of mandamus "will lie in a proper case to direct a subordinate Federal Court to decide a pending case." *Insurance Co. v. Comstock,* 83 U.S. 258, 270 (1872).

**B.**     **When a district court persistently and unreasonably refuses to fulfill its obligation to adjudicate a case, it is appropriate to issue a writ to compel the district court to act.**

With respect to a district court's refusal to rule, mandamus is indeed available and appropriate. In *Will v. Calvert Fire Ins. Co.,* 437 U.S. 655 (1967), the Supreme Court stated that "where a district court

persistently and without reason refuses to adjudicate a case properly before it, the court of appeals may issue the writ in order that [it] may exercise the jurisdiction of review given by the law." *Will,* 437 U.S. at 662-63. In *Texas v. United States*, 679 Fed. Appx. 320 (5th Cir. 2017), this Court stated that "if a district court unreasonably delays in ruling on a motion, mandamus relief requiring a prompt ruling may be available." *Texas,* 679 Fed. Appx. at , 323, n.2 (citing *In re Scott,* 163 F.3d 282, 283-84 (5th Cir. 1998) (per curiam)).

This Court has previously issued a writ of mandamus under similar circumstances. In *In re United States ex rel. Drummond,* 886 F.3d 448 (5th Cir 2018), the district court repeatedly refused to rule in a False Claims Act case against the petitioner, which had been pending in the Southern District of Texas for nine years. *Drummond,* 886 F.3d at 449. The undecided motions included multiple motions for partial summary judgment. *Id.* This Court cited cases in this Circuit and in other Circuits where the writ had been issued to direct a district court to rule in pending proceedings. *Id.* (citing *In re Hood*, 135 Fed. Appx. 709, 711 (5th Cir. 2005); *Madden v. Myers*, 102 F.3d 74, 79 (3d Cir. 1996); *Johnson v. Rogers,* 917 F.2d 1283, 1285 (10th Cir. 1990); *McClellan v. Young*, 421

F.2d 690, 691 (6th Cir. 1970). It is therefore not unusual or unprecedented for an appellate court to intervene in appropriate circumstances to compel a district judge to rule.

This Court issued the writ in *Drummond* after determining that "the district judge has had ample time to consider the pending motions – including the nearly six months since Drummond filed this petition for a writ of mandamus." *Drummond,* 886 F.3d at 450. This Court concluded, with words equally applicable to this case, by saying "[t]he district court's delay in adjudicating this case is simply inexcusable, and this Court is left with no other option but to grant mandamus relief." *Id.*

## C.   "Justice delayed is justice denied."

As for whether a district court's delay is "inexcusable," there is obviously no bright-line rule, with the resolution of the question turning on the circumstances of each case. But as this Court said in *Drummond* (quoting the Tenth Circuit), "justice delayed is justice denied." *Drummond,* 886 F.3d at 450 (quoting *Johnson,* 917 F.3d at 1285.)

In this case, settlement with the Pediatrix Defendants was reported in March of 2022, the Guardian Ad Litem was appointed in May of that year, all the necessary documents, evidence, and proposed paperwork

were submitted in the eight months since the Guardian Ad Litem was appointed, the district court has issued no rulings regarding that settlement. The district court also has had all the paperwork, evidence, and documents for the settlement with the Hospital Defendants for more than a month. Again, no rulings have been made, and the district court has not even responded to Petitioners' request for yet another status conference in the hope of finally getting this matter resolved.

There has been no indication that the district court lacks any information needed to perform this role, and as the docket sheet reflects, Petitioners and their counsel have been proactive in seeking a ruling and have been responsive to any requests for information or appearances.

The district court has been advised numerous times by Petitioners that its refusal to rule on the propriety of either settlement has prevented the creation of a special needs trust that would have facilitated much-needed assistance for the severely brain-damaged minor and his family. The district court is undoubtedly aware that the settlement funds, had they been available for I.M., would already be improving the life of this child. It is beyond dispute that the district court's ongoing

delay exacerbates the hardships already facing this child and his family. Despite repeated pleas by Petitioners for rulings, none have been made.

It is long past time that the district court fulfilled its obligations and rule on the propriety of the settlement. By continuing to delay this matter, the district court is acting at cross purposes with its duty to protect I.M.'s best interests. The delay impairs the best interests of a child and the child's parents who desperately need the settlement funds.

By filing multiple motions and repeatedly imploring the district court to act, most recently in a January 10, 2023 letter and a January 27, 2023, motion for a status conference, Petitioners have presented this issue squarely to the district court. These repeated requests for rulings have not led to any rulings or discernable progress towards any rulings.

This Court can stop the delay of justice by issuing the writ and ordering the district court to rule on the propriety of the settlement within fourteen days.

## Conclusion and prayer

For the foregoing reasons, Petitioners ask this Court to issue a writ of mandamus directing the district court to rule on the outstanding motions for approval of settlement within fourteen days of the issuance

of the writ and grant Petitioners such other and further relief to which

they may be justly entitled.

Respectfully submitted,

By:  /s/ Lawrence R. Lassiter
LES WEISBROD
State Bar No. 21104900
LAWRENCE R. LASSITER
State Bar No. 11969850
MILLER WEISBROD
OLESKY, L.L.P.
11551 Forest Central Drive, Suite 300
Dallas, Texas 75243
(214) 987-0005
(214) 987-2545 Fax
llassiter@millerweisbrod.com

**ATTORNEYS FOR PETITIONERS**

### Certificate of compliance with Rule 32(a)

This petition complies with the type-volume limitation of Fed. R. App. P. 21(d)(1) because it contains 3209 words, excluding the parts of the petition exempted by Rule 32(f).

This petition complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because it has been prepared in a proportionally spaced typeface using Microsoft Word for Microsoft 365 and a 14-point Century Schoolbook font.

Signed this __ day of February, 2023.

_____

Lawrence R. Lassiter

## Certificate of service

I certify that on this ___ day of February, 2023, copies of this Petition for a Writ of Mandamus were served on all counsel of record in *Adriana Aguayo Gutierrez and Isaac Munoz, Individually and as Next Friends of I.M., a Minor, v. United States of America, et al.,* Case No. 7:21-cv-00159 (S.D. Tex.) after the Petition was filed electronically in that case and service was accomplished automatically through the CM/ECF system. In addition, a copy of the Petition was provided to the district court judge, the Hon. Ricardo Hinojosa, via U.S. Mail.

_____

Lawrence R. Lassiter