Case 7:21-cv-00159   Document 84   Filed on 03/01/23 in TXSD   Page 1 of 10

United States District Court
Southern District of Texas
**ENTERED**
March 02, 2023
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS

| | |
|---|---|
| ADRIANA AGUAYO GUTIERREZ AND ISAAC MUNOZ, INDIVIDUALLY AND AS NEXT FRIENDS OF I.M., A MINOR <br><br> V. <br><br> UNITED STATES OF AMERICA; MCALLEN HOSPITALS, L.P. D/B/A MCALLEN MEDICAL CENTER, MCALLEN MEDICAL CENTER, INC.; PEDIATRIX MEDICAL SERVICES, INC. D/B/A PEDIATRIX MEDICAL GROUP OF TEXAS; SAEED UZ-ZAFER JAVED, M.D.; NAMIREMBE JOAN KAZIBWE, M.D.; PATRICIA YVONNE PEREZ, NP; AND LISA MARIE ELIZALDE, NP | CIVIL ACTION NO. 7:21-CV-159 |

## PARTIAL FINAL JUDGMENT

On August 4, 2022, the Court heard testimony and argument in the above-captioned cause from Plaintiff Adriana Aguayo Gutierrez, Individually and as Next Friend of I.M., a Minor; from the duly appointed guardian ad litem for I.M., a minor, Ricardo Garcia; from Defendants Pediatrix Medical Services, Inc. d/b/a Pediatrix Medical Group of Texas, Saeed Uz-Zafer Javed, M.D., Namirembe Joan Kazibwe, M.D., Patricia Yvonne Perez, NP, and Lisa Marie Elizalde, NP (the "Pediatrix Defendants") and/or by and through their attorneys of record. The parties announced that a settlement agreement had been reached to resolve any and all claims held by the Plaintiffs against the Pediatrix Defendants, all as more fully described below and as referenced and set forth in the Agreement of Confidential Settlement, Release, and Indemnification between the Plaintiffs and the Pediatrix Defendants (the "Pediatrix Settlement Agreement"). The Pediatrix Settlement Agreement is in full and final settlement of all of the Plaintiffs' claims asserted against or which could have been asserted against the Pediatrix Defendants as a result of the events sued upon or which could have been sued upon in this lawsuit.

The terms of the settlement between the Plaintiffs and the Pediatrix Defendants were presented to the Court at the hearing held on this date and the Court has considered the terms of the Pediatrix Settlement Agreement. It was represented to the Court, and the Court so finds, that the Plaintiffs are the natural mother and father and guardians of I.M., a minor, are in agreement with the terms of the settlement referenced herein, and are appropriately situated and authorized to enter into the Pediatrix Settlement Agreement on his behalf.

It was further represented to the Court by the guardian ad litem for I.M, a minor, Ricardo Garcia, and the Court so finds, that the guardian ad litem has properly and diligently represented the interests of I.M., a minor in recommending approval of the settlements of the minor's claims.

It was announced that there is considerable disagreement and controversy as to the existence of liability of the Pediatrix Defendants for any amount of damages, and that there is further disagreement and controversy as to the amount of liability, if any, as well as to the nature, severity, degree and duration of the injuries and losses alleged to have been suffered as a result of the matters made the basis of this lawsuit. It was further announced that the settlement was being made of disputed claims, the Pediatrix Defendants having denied any liability.

The confidential settlements having been made known to the Court, the Court called for evidence bearing upon same, and after hearing and reviewing all of the evidence pertaining to the matters involved herein, reviewing and approving the Pediatrix Settlement Agreement, the Court is of the opinion that the settlements applicable to I.M., a minor are in his best interests, and the Court does hereby approve the same. The Court specifically finds that the proposed settlements of I.M., a minor's claims and causes of action herein, both actual and potential, are in his best interests and are fair and reasonable. The Court further finds that the attorney's fees of 35% of the gross recovery and expenses, which amounts have been reviewed by the Court as set forth in the

combined disbursement statement filed under seal on February 22, 2023, are reasonable and necessary and in the best interest of I.M., a minor.

The Court further approves the Pediatrix Settlement Agreement between the Plaintiffs and the Pediatrix Defendants as binding and conclusive in all respects of all claims and causes of action the Plaintiffs made or could have made against the Pediatrix Defendants, arising out of the events sued upon herein.

**IT IS THEREFORE ORDERED, ADJUDGED AND DECREED** that the Plaintiffs are duly authorized and empowered to settle the claims of I.M., a minor, as the guardians and proper legal representatives of I.M., a minor.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that the settlement between the Plaintiffs and the Pediatrix Defendants as documented in the Pediatrix Settlement Agreement is fair, reasonable, and supported by good and valuable consideration, which is expressly set out in the Pediatrix Settlement Agreement.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that the Plaintiffs recover from the Pediatrix Defendants and the Pediatrix Defendants shall pay according to the terms set forth in the Agreement of Confidential Settlement, Release, and Indemnification executed by the Plaintiffs.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** by the Court that the amounts payable as set forth in the Pediatrix Settlement Agreement executed by the Plaintiffs shall constitute alleged damages received on account of personal physical injuries or physical sickness within the meaning of Section 104(a)(2) of the Internal Revenue Code of 1986, as amended, and that no portion of the settlement proceeds shall represent exemplary or punitive damages or

damages other than alleged actual damages on account of personal physical injuries or physical sickness.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that all of the Plaintiffs' attorneys' fees and expenses are to be paid out of the amounts being paid as consideration for the settlement and compromise of this matter, as set forth in the combined disbursement statement filed under seal on February 22, 2023. The compromise and settlements of all claims and causes of action asserted herein against the Pediatrix Defendants is reasonable, fair, and just and in the best interests of I.M., a minor. The attorney's fees of 35% of the gross recovery and expenses, which amounts have been reviewed by the Court as set forth in the combined disbursement statement filed under seal on February 22, 2023, are reasonable and necessary and in the best interest of I.M., a minor and are approved as set forth in the combined disbursement statement filed under seal on February 22, 2023. The settlement as set forth in the Pediatrix Settlement Agreement is, therefore, in all things, approved.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that all claims and causes of action ever asserted in this Cause by or on behalf of I.M, a minor against Defendants Pediatrix Medical Services, Inc. d/b/a Pediatrix Medical Group of Texas, Saeed Uz-Zafer Javed, M.D., Namirembe Joan Kazibwe, M.D., Patricia Yvonne Perez, NP, and Lisa Marie Elizalde, NP and their respective agents and/or employees, are hereby dismissed with prejudice and that Defendants Pediatrix Medical Services, Inc. d/b/a Pediatrix Medical Group of Texas, Saeed Uz-Zafer Javed, M.D., Namirembe Joan Kazibwe, M.D., Patricia Yvonne Perez, NP, and Lisa Marie Elizalde, NP and their respective agents, employees and/or representatives are fully and finally released and discharged from any and all liability and damages as to I.M., a minor.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that all claims and causes of action ever asserted in this Cause by or through Adriana Aguayo Gutierrez and/or Isaac Munoz, Individually, against Defendants Pediatrix Medical Services, Inc. d/b/a Pediatrix Medical Group of Texas, Saeed Uz-Zafer Javed, M.D., Namirembe Joan Kazibwe, M.D., Patricia Yvonne Perez, NP, and Lisa Marie Elizalde, NP and their respective agents and/or employees, are hereby dismissed with prejudice and that Defendants Pediatrix Medical Services, Inc. d/b/a Pediatrix Medical Group of Texas, Saeed Uz-Zafer Javed, M.D., Namirembe Joan Kazibwe, M.D., Patricia Yvonne Perez, NP, and Lisa Marie Elizalde, NP and their respective agents and/or employees, are fully and finally released and discharged from any and all liability and damages as to Adriana Aguayo Gutierrez or Isaac Munoz, Individually.

It further appearing to the Court that the parties have agreed to keep confidential the settlement consideration and the details of the Pediatrix Settlement Agreement, it is further **ORDERED, ADJUDGED AND DECREED** that the settlement consideration and the details of the settlement agreements between and among those parties shall remain confidential to the extent permitted by law.

On December 14, 2022, the Court heard testimony and argument in the above-captioned cause from Plaintiff Adriana Aguayo Gutierrez, Individually and as Next Friend of I.M., a Minor; from the duly appointed guardian ad litem for I.M., a minor, Ricardo Garcia; from Defendant McAllen Hospitals, L.P. d/b/a McAllen Medical Center, McAllen Medical Center, Inc. (the "Hospital Defendant") and/or by and through their attorneys of record. The parties announced that a settlement agreement had been reached to resolve any and all claims held by the Plaintiffs against the Hospital Defendant, all as more fully described below and as referenced and set forth in the Settlement Agreement and Release in Full between the Plaintiffs and the Hospital Defendant (the

"Hospital Settlement Agreement"). The Hospital Settlement Agreement is in full and final settlement of all of the Plaintiffs' claims asserted against or which could have been asserted against the Hospital Defendant as a result of the events sued upon or which could have been sued upon in this lawsuit.

The terms of the settlement between the Plaintiffs and the Hospital Defendant were presented to the Court at the hearing held on this date, and the Court has considered the terms of the Hospital Settlement Agreement. It was represented to the Court, and the Court so finds, that the Plaintiffs are the natural mother and father and guardians of I.M., a minor, are in agreement with the terms of the settlement referenced herein, and are appropriately situated and authorized to enter into the Hospital Settlement Agreement on his behalf.

It was further represented to the Court by the guardian ad litem for I.M, a minor, Ricardo Garcia, and the Court so finds, that the guardian ad litem has properly and diligently represented the interests of I.M., a minor in recommending approval of the settlements of the minor's claims.

It was announced that there is considerable disagreement and controversy as to the existence of liability of the Hospital Defendant for any amount of damages, and that there is further disagreement and controversy as to the amount of liability, if any, as well as to the nature, severity, degree and duration of the injuries and losses alleged to have been suffered as a result of the matters made the basis of this lawsuit. It was further announced that the settlement was being made of disputed claims, the Hospital Defendant having denied any liability.

The confidential settlements having been made known to the Court, the Court called for evidence bearing upon same, and after hearing and reviewing all of the evidence pertaining to the matters involved herein, reviewing and approving the Hospital Settlement Agreement, the Court is of the opinion that the settlements applicable to I.M., a minor are in his best interests, and the

Court does hereby approve the same. The Court specifically finds that the proposed settlements of I.M., a minor's claims and causes of action herein, both actual and potential, are in his best interests and are fair and reasonable. The Court further finds that the attorney's fees of 35% of the gross recovery and expenses, which amounts have been reviewed by the Court as set forth in the combined disbursement statement filed with the Court under seal on February 22, 2023, are reasonable and necessary and in the best interest of I.M., a minor.

The Court further approves the Hospital Settlement Agreement between the Plaintiffs and the Hospital Defendant as binding and conclusive in all respects of all claims and causes of action the Plaintiffs made or could have made against the Hospital Defendant, arising out of the events sued upon herein.

**IT IS THEREFORE ORDERED, ADJUDGED AND DECREED** that the Plaintiffs are duly authorized and empowered to settle the claims of I.M., a minor, as the guardians and proper legal representatives of I.M., a minor.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that the settlement between the Plaintiffs and the Hospital Defendant as documented in the Hospital Settlement Agreement is fair, reasonable, and supported by good and valuable consideration, which is expressly set out in the Hospital Settlement Agreement.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that the Plaintiffs recover from the Hospital Defendant and the Hospital Defendant shall pay according to the terms set forth in the Settlement Agreement and Release in Full executed by the Plaintiffs.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** by the Court that the amounts payable as set forth in the Hospital Settlement Agreement executed by the Plaintiffs shall constitute alleged damages received on account of personal physical injuries or physical sickness

within the meaning of Section 104(a)(2) of the Internal Revenue Code of 1986, as amended, and that no portion of the settlement proceeds shall represent exemplary or punitive damages or damages other than alleged actual damages on account of personal physical injuries or physical sickness.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that all of the Plaintiffs' attorneys' fees and expenses are to be paid out of the amounts being paid as consideration for the settlement and compromise of this matter, as set forth in the combined disbursement statement filed under seal on February 22, 2023. The compromise and settlements of all claims and causes of action asserted herein against the Hospital Defendant is reasonable, fair, and just and in the best interests of I.M., a minor. The attorney's fees of 35% of the gross recovery and expenses, which amounts have been reviewed by the Court as set forth in the combined disbursement statement filed with the Court under seal on February 22, 2023, are reasonable and necessary and in the best interest of I.M., a minor and are approved as set forth in the combined disbursement statement filed under seal on February 22, 2023. The settlement as set forth in the Hospital Settlement Agreement is, therefore, in all things, approved.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that all claims and causes of action ever asserted in this Cause by or on behalf of I.M, a minor against Defendant McAllen Hospitals, L.P. d/b/a McAllen Medical Center, McAllen Medical Center, Inc. and its respective agents and/or employees, are hereby dismissed with prejudice and that Defendant McAllen Hospitals, L.P. d/b/a McAllen Medical Center, McAllen Medical Center, Inc. and its respective agents, employees and/or representatives are fully and finally released and discharged from any and all liability and damages as to I.M., a minor.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that all claims and causes of action ever asserted in this Cause by or through Adriana Aguayo Gutierrez and/or Isaac Munoz, Individually, against Defendant McAllen Hospitals, L.P. d/b/a McAllen Medical Center, McAllen Medical Center, Inc. and its respective agents and/or employees, are hereby dismissed with prejudice and that Defendant McAllen Hospitals, L.P. d/b/a McAllen Medical Center, McAllen Medical Center, Inc. and its respective agents and/or employees, are fully and finally released and discharged from any and all liability and damages as to Adriana Aguayo Gutierrez or Isaac Munoz, Individually.

It further appearing to the Court that the parties have agreed to keep confidential the settlement consideration and the details of the Hospital Settlement Agreement, it is further **ORDERED, ADJUDGED AND DECREED** that the settlement consideration and the details of the settlement agreements between and among those parties shall remain confidential to the extent permitted by law.

For serving as guardian ad litem on behalf of I.M., a minor, the Court assesses for Ricardo Garcia a fair and reasonable guardian ad litem fee of exactly $1,500.00. This fee will be paid by Defendants Pediatrix Medical Services, Inc. d/b/a Pediatrix Medical Group of Texas, Saeed Uz-Zafer Javed, M.D., Namirembe Joan Kazibwe, M.D., Patricia Yvonne Perez, NP, and Lisa Marie Elizalde, NP and Defendant McAllen Hospitals, L.P. d/b/a McAllen Medical Center, McAllen Medical Center, Inc.

The Court enters this as its final judgment as to all of the Plaintiffs' claims and causes of action asserted against Defendants Pediatrix Medical Services, Inc. d/b/a Pediatrix Medical Group of Texas, Saeed Uz-Zafer Javed, M.D., Namirembe Joan Kazibwe, M.D., Patricia Yvonne Perez,

NP, and Lisa Marie Elizalde, NP and Defendant McAllen Hospitals, L.P. d/b/a McAllen Medical Center, McAllen Medical Center, Inc. and its respective agents and/or employees.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that all costs of court incurred herein will be taxed against the parties incurring same.

All relief requested which is not specifically granted herein, is hereby denied.

Signed on this the 1st day of March, 2023.

_____
U.S. DISTRICT JUDGE
RICARDO H. HINOJOSA